# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **JONATHAN JEFFERY ANDERSON,** *Petitioner*, v. **Warden GREGORY SAMPSON,** *Respondent.* | **CIVIL ACTION NO. 3:22-cv-00087-TES-CHW** |

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

Before the Court is Petitioner's Motion for Certificate of Appealability ("COA") [Doc. 19], and for the reasons explained below, it is **DENIED**.

First, following expiration of the 14-day objection period proscribed by 28 U.S.C. § 636(b)(1) and the additional three days for mailing allotted by Federal Rule of Civil Procedure 6(d), the Court adopted the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 14] after reviewing it for clear error. *See generally* [Doc. 15]. As a result, on July 6, 2023, the Court granted Respondent Warden Gregory Sampson's Motion to Dismiss [Doc. 8] and dismissed Petitioner Jonathan Jeffery Anderson's Petition [Doc. 1] for habeas corpus brought under 28 U.S.C. § 2254. [*Id.*]. The Clerk of Court entered Judgment [Doc. 16] that same day.

The magistrate judge issued his R&R on June 16, 2023. [Doc. 14, p. 6]. Thus, Petitioner had until July 3, 2023,[1] to either file an objection or seek an extension of time to do so. [*Id.* at p. 5]. To be sure, Petitioner dated, or "[e]xecuted," his Motion for Extension of Time [Doc. 17] on June 27, 2023, but it wasn't mailed until July 10, 2023, or received for docketing until July 11, 2023. [Doc. 17, p. 2]; [Doc. 17-2, p. 1]. Clearly, June 27 was within the timeframe for Petitioner to seek an extension of time, but July 10 was not. Normally, as an inmate, Petitioner could avail himself of the prison mailbox rule. "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

Had Petitioner elected to keep his submissions to the Court within the prison mailing system rather than have his stepfather mail them "in [his] stead[,]" his Motion for Extension of Time dated June 27, 2023, would have been timely. [Doc. 17, p. 2]; [Doc. 19, p. 3]. However, as previously explained to Petitioner, his choice to mail his filings outside of the prison mail system strips him of the benefit given by the prison mailbox

---

[1] July 3, 2023, is the deadline Petitioner would have had under the prison mailbox rule had he used the prison mail system.

2

rule. *See generally* [Doc. 18]. Petitioner's efforts to seek an extension of time were untimely. Thus, there was no objection to the magistrate judge's R&R in this case. *See* [Doc. 14, pp. 5–6 (discussing consequences for failing to object and Eleventh Circuit Rule 3-1)].

Now, with regards to a COA, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). So, unless a COA is issued, federal appellate courts lack jurisdiction to rule on the merits of appeals from habeas petitioners. *Miller-El*, 537 U.S. at 336.

A COA will issue only if the requirements of 28 U.S.C. § 2253 have been satisfied. *Id.* "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Slack v. McDaniel*, 529 U.S. 473, 482 (2000); *Hohn v. United States*, 524 U.S. 236, 248 (1998). Section 2253(c) permits the issuance of a COA only where a petitioner has made a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Finally, "[u]nder the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.*

Upon review of *this* record, the Court cannot conclude that this standard has

been met. *See generally* [Doc. 14]. Therefore, the Court **DENIES** Petitioner's Motion for Certificate of Appealability [Doc. 19]. Given that Petitioner has, "[f]rom the inception of this matter," filed every document without a personal signature, he may ignore the Notice of Deficiency mailed to him on August 7, 2023, regarding his use of an electronic signature on his Motion for Certificate of Appealability. *See* [Doc. 19, pp. 3, 5]. As explained above, even if the Court ignored his failure to sign his motion for extension of time to file objections, it would still have been late because Petitioner did not avail himself of the prison mail system.

    **SO ORDERED**, this 8th day of August, 2023.

                                          S/ Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**